UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>HECTOR CONTRERAS IBARRA,<br><br>　　　　　　　　　Defendant. | CASE NO. CR16-0287JLR<br><br>ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE UNDER THE ALL WRITS ACT |

## I. INTRODUCTION

Before the court is *pro se* Defendant Hector Contreras Ibarra's motion to correct his sentence under the All Writs Act, 28 U.S.C. § 1651. (Mot. (Dkt. # 908).) Plaintiff the United States of America ("the Government") opposes Mr. Ibarra's motion. (Resp. (Dkt. # 910).) The court has considered the motion, all submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Ibarra's motion.

//

ORDER - 1

## II.  BACKGROUND

In November 2016, federal agents arrested Mr. Ibarra for his involvement in a drug trafficking organization.  (*See* 2d Superseding Indictment (Dkt. # 374); Presentence Investigation Report ("PSR") (Dkt. # 752) (sealed).)  Following an eleven-day jury trial, Mr. Ibarra was convicted of one count of Conspiracy to Distribute Controlled Substances (methamphetamine), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, and three counts of Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii).  (*See* Jury Verdict (Dkt. # 679).)

The U.S. Probation Office found Mr. Ibarra's total offense level to be 42 based on several factors, including:  a base offense level of 36; a two-level upward deviation for possession of a dangerous weapon; a two-level upward deviation for making a credible threat of violence; and a two-level upward deviation for maintaining a premise for the purpose of manufacturing or distributing a controlled substance.  (*See* PSR at 11, 12 (noting that his criminal history category was I).)  Thus, it calculated the applicable sentencing guidelines range to be 360 months to life.  (*See id.* at 15.)  On January 16, 2018, the court sentenced Mr. Ibarra to 180 months of imprisonment followed by five years of supervised release.  (*See* 1/16/18 Min. Entry (Dkt. # 772); Judgment (Dkt. # 773).)  During the sentencing hearing, the court adopted the Probation Office's guideline calculation, overruling Mr. Ibarra's objections and finding all the challenged enhancements were sufficiently proven.  (*See* Sentencing Tr. (Dkt. # 847) at 23-26.)

Mr. Ibarra appealed three days later, raising various challenges to his conviction; he did not, however, dispute the lawfulness of his sentence.  (*See* Not. of Appeal (Dkt.

# 785)); *United States v. Contreras Ibarra*, No. 18-30014 (9th Cir. 2018), ECF Nos. 25, 60. The Ninth Circuit affirmed his conviction, *United States v. Reyes Garcia*, 794 F. App'x 567 (9th Cir. 2019), and on March 2, 2020, the Supreme Court denied his petition for a writ of certiorari, *Garcia v. United States*, 140 S. Ct. 1286 (2020) (mem.). The instant motion, which Mr. Ibarra filed on November 29, 2021, is his first attempt to collaterally attack his conviction or sentence. (*See generally* Mot.) Mr. Ibarra remains in federal custody as of the date of this order, with a projected release date of August 14, 2029. (*See* Resp. at 3.)

### III.   ANALYSIS

Mr. Ibarra brings the instant motion to correct his sentence under the All Writs Act. (*See* Mot.) He does not specify which writ allegedly gives the court jurisdiction to correct his sentence but, based on the case law he relies on, he seems to imply that the writ of *audita querela* gives the court such authority.[1] (*See id.* at 1 (stating that, pursuant to *United States v. Ayala*, 894 F.2d 425 (D.C. Cir. 1990), the court can correct his sentence based on "[a]n argument heard before")); *see also Ayala*, 894 F.2d at 427 (involving the writ of *audita querela*). The Government argues that the court does not have jurisdiction to correct his sentence under the All Writs Act because his claims are cognizable under 28 U.S.C. §2255(a). (*See* Resp. at 3-5.) The court agrees.

"'[D]istrict courts may not exercise jurisdiction absent a statutory basis.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citation omitted). Because

---

[1] In his motion, however, Mr. Ibarra invites the court to "chose [sic] whichever [w]rit it needs." (*See* Mot. at 1.)

the court's jurisdiction over Mr. Ibarra's criminal case lapsed when he directly appealed his conviction, the court's jurisdiction to review its judgment in this case must be "re-acquired . . . from an[] independent source in law." *See United States v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002); *United States v. Crowell*, 374 F.3d 790, 795-96 (9th Cir. 2004); *United States v. Sumner*, 226 F.3d 1005, 1013 (9th Cir. 2000).

One statute that gives the court jurisdiction to collaterally review a final criminal conviction and/or sentence is 28 U.S.C. § 2255. "As a general rule, '[section] 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention.'" *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011) (first citing *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); and then citing *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). But Mr. Ibarra has not utilized this mechanism, presumably because he is time-barred from bringing a motion under 28 U.S.C. § 2255.[2]

Instead, Mr. Ibarra requests that the court correct his sentence under the All Writs Act, 28 U.S.C. § 1651. (*See generally* Mot.) The All Writs Act authorizes federal courts to issue all writs necessary to aid them in the application of legal principles, 28 U.S.C. § 1651(a), and can be used to contest a criminal conviction or sentence in "extraordinary" circumstances, *United States v. Morgan*, 346 U.S. 502, 511 (1954). In the postconviction

---

[2] 28 U.S.C. § 2255 provides that a petition for habeas relief under § 2255 must be brought within one year of the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Here, the one-year statute of limitation for bringing a § 2255 motion began to run when the Supreme Court denied Mr. Ibarra's certiorari petition, *see Clay v. United States*, 537 U.S. 522, 527 (2003), and thus lapsed on March 2, 2021.

ORDER - 4

relief context, however, "the common law writs survive only to the extent that they fill 'gaps' in the current systems of postconviction relief." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001).

The Ninth Circuit has expressly stated that the writ of *audita querela* is not available to challenge a conviction or sentence where the claim raised is one cognizable under 28 U.S.C. § 2255 "because, in such a case, there is no 'gap' to fill in the postconviction remedies." *Id.* at 1079-80; *Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) ("A writ of *audita querela* is not an available remedy where the claims raised would be cognizable in a Section 2255 habeas petition."); *United States v. Cisneros*, No. CIV. 08-00444 SOMKSC, 2008 WL 4761801, at *2 (D. Haw. Oct. 30, 2008) ("[A] writ of *audita querela* must not merely substitute for an otherwise barred § 2255 motion." (italics added)). This is true even where a defendant is precluded from raising a § 2255 claim because of § 2255's one-year statute of limitations or restriction against filing second or successive motions. 28 U.S.C. § 2255(f), (h); *Valdez-Pacheco*, 237 F.3d at 1079-80 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."); *see also United States v. Alvarado-Guizar*, No. CR01-6013EFS, 2010 WL 4723460, at *1 (E.D. Wash. Nov. 17, 2010) (denying a defendant's petition for writ of *audita querela* because his claims would have been cognizable in an initial timely § 2255 motion to vacate his conviction and sentence and allowing him to bring his petition would undermine the limitations set forth in 28 U.S.C. § 2255).

1       Notwithstanding his characterization of his pleading, Mr. Ibarra's motion appears

2 to state claims that would be cognizable in a § 2255 motion to vacate, set aside, or correct

3 sentence. (*See* Mot. at 2-5; Resp. at 5); 28 U.S.C. § 2255 (allowing a federal prisoner to

4 collaterally challenge a federal conviction or sentence). In essence, he argues that his

5 sentence must be corrected because the court erred in calculating his advisory guidelines

6 range by imposing three two-point enhancements that he contends lack factual support

7 and that he objected to during sentencing. (*See* Mot. at 2 (referencing the three

8 enhancements included in the PSR); Sentencing Tr. at 5-16 (objecting to the

9 enhancements)); *see also United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996)

10 (stating that a § 2255 petitioner cannot challenge any "nonconstitutional sentencing

11 errors" unless they also challenged such errors during sentencing or on direct appeal).

12 The fact that Mr. Ibarra would be time-barred from bringing a § 2255 motion at this

13 point, or that the Government may raise procedural default as an affirmative defense in

14 response to such a motion, does not change the court's conclusion that Mr. Ibarra's

15 claims would be cognizable in a § 2255 motion.

16       If the court were to find that the writ of *audita querela* is available in this case, it

17 would allow Mr. Ibarra to circumvent § 2255(f)'s one-year statute of limitations, making

18 that requirement meaningless. *See Valdez-Pacheco*, 237 F.3d at 1079-80;

19 *Alvarado-Guizar*, 2010 WL 4723460, at \*1. Accordingly, because Mr. Ibarra's claims

20 //

21 //

22 //

ORDER - 6

would have been cognizable in an initial timely § 2255 motion to correct his sentence, a writ of *audita querela* is not available to him.[3]

### IV.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Ibarra's motion to correct his sentence under the All Writs Act (Dkt. # 908).

Dated this 16th day of December, 2021.

JAMES L. ROBART
United States District Judge

---

[3] The other writ that can be used to challenge a criminal conviction in extraordinary circumstances—the writ of error *coram nobis*—does not apply in this case. This writ may only be invoked by a defendant who has fully completed his sentence because such a defendant cannot challenge his conviction in a § 2255 motion since he is not in "custody" as required by that statute. *See Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). Because the remedy of a § 2255 petition is available here, as Mr. Ibarra is still in federal custody (*see* Resp. at 3), the writ of error coram nobis is not. *See Matus-Leva*, 287 F.3d at 761 (noting that a "petitioner may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements").

ORDER - 7