1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   UNITED STATES OF AMERICA,        CASE NO. CR16-0287JLR

11                    Plaintiff,       ORDER

          v.
12
13   HECTOR CONTRERAS IBARRA,

14                    Defendant.

15              **I.    INTRODUCTION**

16        Before the court are *pro se* Defendant Hector Contreras Ibarra's motions for

17   compassionate release (Comp. Rel. Mot. (Dkt. # 940); Reply (Dkt. # 956)), to compel the

18   Bureau of Prisons ("BOP") to produce medical records (1st Mot. to Compel (Dkt.

19   # 941)), and to compel the BOP to produce post-rehabilitation documents (2d Mot. to

20   Compel (Dkt. # 942)).  Plaintiff the United States of America ("the Government")

21   opposes Mr. Ibarra's motion for compassionate release and urges the court to deny as

22   moot his motions to compel.  (Resp. (Dkt. # 950); Miller Decl. (Dkt. # 951) ¶ 5, Ex. A

1    (Dkt. # 953 (sealed)) ("Medical Records"); *id.*, ¶ 6, Ex. B (Dkt. # 950-1) ("Rehabilitation

2    Records")).  The court has considered the parties' submissions, the relevant portions of

3    the record, and the applicable law.  Being fully advised, the court DENIES Mr. Ibarra's

4    motion for compassionate release and DENIES as moot Mr. Ibarra's motions to compel.

## II.    BACKGROUND

6            Mr. Ibarra is a nearly 39-year-old inmate at the Federal Correctional

7    Institution-Victorville ("FCI-Victorville").  (*See* Comp. Rel. Mot. at 1; Medical Records

8    at 11.[1])  Mr. Ibarra, along with 13 co-defendants, was arrested in November 2018 on

9    charges of conspiracy to distribute controlled substances, including methamphetamine,

10   heroin, and cocaine, and later charged with three additional counts of distribution of

11   controlled substances.  (*See* 2d. Superseding Indictment (Dkt. # 374).)  A jury convicted

12   Mr. Ibarra of all charges (10/16/17 Minute Entry (Dkt. # 665); Jury Verdict (Dkt. # 679)),

13   and on January 16, 2018, the undersigned sentenced Mr. Ibarra to 180 months in prison

14   followed by five years of supervised release (*see* 1/16/18 Minute Entry (Dkt. # 772);

15   Judgment (Dkt. # 773)).  Mr. Ibarra appealed his conviction and the Ninth Circuit Court

16   of Appeals affirmed.  (*See* Memorandum (Dkt. # 868).)  Mr. Ibarra is currently serving

17   his 180-month sentence and his anticipated release date is August 14, 2028, at which

18   point he will be subject to deportation.  (Rehabilitation Records at 13-14.)

19           Mr. Ibarra previously sought a reduction in his sentence in October 2020, citing

20   risks from exposure to COVID-19 due to his preexisting conditions of hypertension,

21

22           _____
             [1] The court cites to the page numbers in the CM/ECF header when referencing exhibits.

1   obesity, and gout.  (*See* 10/20/20 Mot. (Dkt. # 882).)  The court denied his motion.

2   (11/19/20 Order (Dkt. # 890).)

3   ### III.   ANALYSIS

4        Mr. Ibarra asserts that extraordinary and compelling circumstances justify a

5   reduction in his sentence.  (*See* Comp. Rel. Mot. at 4-5.)  The court first addresses Mr.

6   Ibarra's motions to compel before turning to his motion for compassionate release.

7   **A.     Mr. Ibarra's Motions to Compel**

8        Concurrently with his motion for compassionate release, Mr. Ibarra filed motions

9   to compel the BOP to produce his medical and rehabilitation records.  (*See* 1st Mot. to

10  Compel; 2d Mot. to Compel.)  The Government attached the records Mr. Ibarra seeks to

11  its response to Mr. Ibarra's motion for compassionate release.  (*See* Miller Decl. ¶¶ 5-6;

12  Medical Records; Rehabilitation Records.)  For that reason, the Government argues that

13  Mr. Ibarra's motions to compel are moot.  (Resp. at 1-2.)  The court agrees, and Mr.

14  Ibarra does not dispute this conclusion in his reply.  (*See generally* Reply.)  Accordingly,

15  the court DENIES Mr. Ibarra's motions to compel as moot.

16  **B.     Standard for Relief Under 18 U.S.C. § 3582(c)(1)**

17       A court generally may not correct or modify a prison sentence once it has been

18  imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35.

19  *United States v. Penna*, 315 F.3d 509, 511 (9th Cir. 2003); *see also Dillon v. United*

20  *States*, 506 U.S. 817, 824-25 (2010).  One such statute is 18 U.S.C. § 3582(c)(1), which

21  governs motions to modify a term of imprisonment.  *See United States v. Fuller*, No.

22  CR17-0324JLR, 2020 WL 1847751, at * 2 (W.D. Wash. Apr. 13, 2020).  The court has

ORDER - 3

1   authority under 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, to

2   reduce a sentence upon the motion of an inmate if three conditions are met:  (1) the

3   inmate has either exhausted their administrative appeal rights of the BOP's failure to

4   bring such a motion on the inmate's behalf or has waited until 30 days after the

5   applicable warden has received such a request; (2) the inmate has established

6   "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the

7   reduction is consistent with "applicable policy statements" issued by the United States

8   Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also Riley v. United*

9   *States*, No. C19-1522JLR, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020).  If the

10  inmate meets all three conditions, the court must consider the sentencing factors set forth

11  in 18 U.S.C. § 3553(a) when deciding whether a reduction in sentence is appropriate.  *See*

12  18 U.S.C. § 3582(c)(1)(A).

13       The Sentencing Commission's policy statement referenced in 18 U.S.C.

14  § 3582(c)(1)(A)(i) provides, in relevant part, that a defendant may be eligible for a

15  sentence reduction if "extraordinary and compelling reasons warrant the reduction"; the

16  "defendant is not a danger to the safety of any other person or to the community"; and the

17  "reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13; *id.* cmt. n.1

18  (outlining four categories of circumstances that may constitute "extraordinary and

19  compelling reasons" for a sentence reduction).  The Ninth Circuit, however, has held that

20  United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 "is not an 'applicable policy

21  statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."  *United States v.*

22  *Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  Therefore, the "Sentencing Commission's

1    statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for

2    § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*; *see also*

3    *United States v. Van Cleave*, No. CR03-0247RSL, 2020 WL 2800769, at *5 (W.D. Wash.

4    May 29, 2020) (referring to the policy statement as "persuasive, but not binding").

5    **C.      Exhaustion of Administrative Remedies**

6          Before evaluating the merits of Mr. Ibarra's motion, the court must determine

7    whether he has met the statutory exhaustion requirement for modification of his term of

8    imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A).  Where, as here, the director of the BOP

9    has not filed the motion on defendant's behalf, the court may consider this motion only if

10   he has "fully exhausted all administrative rights to appeal," or if 30 days have lapsed

11   since the BOP has received a request for relief under § 3582(c)(1)(A) from him. *Fuller*,

12   2020 WL 1847751, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)).  Mr. Ibarra "bears the

13   burden of showing that he exhausted his administrative rights with the BOP before filing

14   his" motion for relief under § 3582(c)(1)(A). *See United States v. Sims*, No.

15   CR18-0262JLR, 2020 WL 2838611, at *3 (W.D. Wash. June 1, 2020).

16         Mr. Ibarra represents that he submitted a request for compassionate release to the

17   warden at FCI-Victorville, and that the warden denied the request in November 2022.

18   (Comp. Rel. Mot. at 3; Miller Decl. ¶ 4 (stating Mr. Ibarra filed the request with the

19   warden on May 24, 2022).)  The court finds that the statutorily required 30-day period

20   has expired, and that Mr. Ibarra's motion is properly before the court.

21

22

**D.      Extraordinary and Compelling Circumstances**

Mr. Ibarra bears the burden of establishing that "extraordinary and compelling reasons" exist that justify compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Suryan*, No. CR19-0082RAJ, 2021 WL 3510423, at *2 (W.D. Wash. Aug. 10, 2021).  Mr. Ibarra argues that he is entitled to compassionate release because of (1) his medical conditions, which place him at greater risk of developing serious complications from COVID-19, and (2) his "significant rehabilitation" and young age at the time of his offense conduct.  (Comp. Rel. Mot. at 5.)  The court addresses each argument individually before determining whether Mr. Ibarra's arguments, taken together, present extraordinary and compelling circumstances that warrant a reduction in his sentence.

1.      Mr. Ibarra's Risk of Developing Complications from COVID-19

Mr. Ibarra argues that his weight and status as a former cigarette smoker place him at an increased risk for complications from COVID-19 and amount to "extraordinary and compelling reasons" that warrant his early release from prison.  (*See id*.)  Mr. Ibarra acknowledges, however, that his medical issues are "minimal."  (*Id*. at 6.)

The Centers for Disease Control and Prevention ("CDC") recognizes that individuals who are overweight or obese may be more likely to get severely ill from COVID-19.  *See United States v. Rollness*, No. CR06-0041RSL, 2021 WL 4476920, at *5 (W.D. Wash. Sept. 30, 2021) (citing *People with Certain Medical Conditions*, CDC (May 2, 2022),

1   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical

2   -conditions.html (defining overweight as a BMI between 25 and 30 and stating that the

3   "risk of severe illness from COVID-19 increases sharply with higher BMI")).  Mr.

4   Ibarra's medical records indicate that his BMI is 33.6, meaning that he may thus be more

5   likely to experience COVID-19 complications.  (Medical Records at 58; *People with*

6   *Certain Medical Conditions*, *supra*.)  The CDC also acknowledges that current and

7   former smokers, like Mr. Ibarra, may be "more likely to get very sick from COVID-19,"

8   than those who have never smoked.  *People with Certain Medical Conditions*, *supra*.

9        Mr. Ibarra's medical records also indicate that he has received multiple

10  immunizations against COVID-19.  (*See, e.g.*, Medical Records at 50, 105.)  Although

11  Mr. Ibarra may be more likely to suffer severe complications from COVID-19 due to his

12  obesity and status as a former smoker, his multiple vaccinations against COVID-19

13  ameliorate that risk substantially.  *See, e.g., United States v. Grummer*, 519 F. Supp. 3d

14  760, 763 (S.D. Cal. 2021) (collecting cases concluding that the risks posed by COVID-19

15  are lessened through vaccination).  While no vaccine is 100% effective, CDC studies

16  indicate that these vaccinations have lessened Mr. Ibarra's risks of contracting

17  COVID-19 and of developing severe illness if he does become infected.  *See, e.g.*, *United*

18  *States v. Posey*, No. CR18-0280RSL, 2021 WL 4745523, at *5-6 (W.D. Wash. Oct. 12,

19  2021) (citing *Benefits of Getting Vaccinated*, CDC (June 19, 2022),

20  https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html).

21  Accordingly, although Mr. Ibarra's elevated BMI and history of smoking increase his risk

22  of developing complications from COVID-19, the court concludes that this risk is

1    significantly lessened by Mr. Ibarra's vaccination status and thus does not present an

2    extraordinary or compelling reason to reduce his sentence.

3         2.    Mr. Ibarra's Post-Sentence Rehabilitation

4         Mr. Ibarra argues that his age now and youth at the time of his offense, as well as

5    his "significant rehabilitation" present extraordinary and compelling reasons for

6    compassionate release.  (Comp. Rel. Mot. at 8-10.)  In support of this argument, Mr.

7    Ibarra argues his offense was non-violent, notes that he has taken many educational

8    classes in prison, has a job as an orderly, and has had "minimal incidents" during his

9    incarceration.  (*Id*. at 8, 10; *see also* Rehabilitation Records (documenting Mr. Ibarra's

10   educational classes).)  Mr. Ibarra also argues that his behavior and age make him unlikely

11   to reoffend.  (*Id*. at 8; *see also* Rehabilitation Records at 6 (noting Mr. Ibarra has a

12   "minimum risk recidivism level").)  The Government commends Mr. Ibarra's progress in

13   prison, but asserts that his accomplishments are "not extraordinary," notes Mr. Ibarra's

14   disciplinary infraction, and urges the court to reject Mr. Ibarra's motion.  (Resp. at 9

15   (citing Rehabilitation Records at 10 (documenting July 29, 2019 incident in which Mr.

16   Ibarra was in an unauthorized area)).)

17        When determining whether extraordinary and compelling circumstances warrant

18   compassionate release, a district court has "discretion to consider a combination of 'any'

19   factors particular to the case at hand," including "rehabilitation in combination with other

20   factors."  *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (quoting *Aruda*, 993

21   F.3d at 802).  However, rehabilitative efforts do not alone establish "extraordinary and

22   compelling" circumstances warranting a sentence reduction.  28 U.S.C. § 994(t)

1  ("Rehabilitation of the defendant alone shall not be considered an extraordinary and

2  compelling reason" for a reduction in sentence.); *see also Suryan*, 2021 WL 3510423, at

3  *3; *United States v. Cruz-Cruz*, No. CR13-0049RSL, 2021 WL 1968389, at *5 (W.D.

4  Wash. May 17, 2021) (determining that defendant's accomplishments in prison of

5  completing thousands of hours of programming and apprenticeships, and an associate's

6  degree, as well as eighteen years of full-time employment, service as a religious leader,

7  and leader in a program for at-risk youth did not justify early release).

8      The court concludes that Mr. Ibarra's efforts at rehabilitation and age do not

9  present an "unusual set of facts" that compel this court to reduce his sentence.  *See*

10  *Extraordinary Circumstances*, Black's Law Dictionary (11th ed. 2019) (defining

11  "extraordinary circumstances" as a "highly unusual set of facts that are not commonly

12  associated with a particular thing or event"); *see also Compelling Need*, Black's Law

13  Dictionary (11th ed. 2019) (defining a "compelling need" as a "need so great that

14  irreparable harm or injustice would result if it is not met").  Mr. Ibarra's efforts at

15  rehabilitation, while commendable, are not extraordinary and compelling circumstances

16  that warrant his early release.  *See Cruz-Cruz*, 2021 WL 1968389, at *5.

17      Additionally, Mr. Ibarra's age and relative youth at the time of his offense do not

18  constitute extraordinary or compelling reasons for his release.  Courts have "come to

19  better understand the neurological differences in young brains that can drive youthful

20  crime." *United States v. Johnson*, No. 05-CR-00167-WHA-5, 2021 WL 5037679, at *2

21  (N.D. Cal. Oct. 30, 2021) (discussing such scientific developments and finding

22  extraordinary and compelling reasons warranting a sentence reduction based on the

1   defendant's age, lengthy sentence, and other personal circumstances); *see also Miller v.*

2   *Alabama,* 567 U.S. 460, 472 & n.5, 489 (2012) (discussing scientific developments

3   regarding youth and brain development and emphasizing the need for "individualized"

4   sentencing when youth commit serious offenses).  However, Mr. Ibarra was not a "youth"

5   when he committed his offenses; Mr. Ibarra was 33 at the time of his sentencing for

6   offenses committed in his late twenties and early thirties.  (*See* Judgment; Ibarra

7   Presentence Investigative Report (Dkt. # 752 (sealed)) ¶¶ 26-38); *see Johnson*, 2021 WL

8   5037679 at *3 (suggesting offenders who were sentenced before age 25, before brain

9   development completed, may have extraordinary and compelling reasons for early

10  release).  Moreover, the undersigned expressly considered Mr. Ibarra's age and personal

11  circumstances when sentencing Mr. Ibarra.  (Ibarra Sentencing Tr. (Dkt. # 847) at 37-39.)

12  Mr. Ibarra's age, difficult upbringing, and lack of prior criminal convictions were key

13  considerations in this court's decision to sentence Mr. Ibarra to 180 months although the

14  Guidelines range for his offense was 360 months to life.  (*Id*. at 39:1-5.[2])  Accordingly,

15  the court concludes that Mr. Ibarra's age and efforts at rehabilitation are not

16  "extraordinary and compelling" reasons justifying a reduction in his sentence.  *Johnson*,

17  2021 WL 5037679 at *3.

18

19

20  ───────────────

      [2] Moreover, the fact that Mr. Ibarra's sentence is well below the Guidelines range

21  undermines his argument, made in passing, that intervening changes in law may weigh in favor
     of reducing his sentence.  (*See* Comp. Rel. Mot at 4.)  The record demonstrates that the court's
     decision to sentence Mr. Ibarra to 180 months was not driven by the Guidelines range or

22  mandatory minimums.  (*See* Ibarra Sentencing Tr. at 37-39.)

The court further concludes that, even when Mr. Ibarra's arguments regarding his medical conditions, age, and rehabilitation are considered together, he has not established "extraordinary and compelling" reasons justifying a reduction in sentence.[3]  Therefore, the court DENIES Mr. Ibarra's motion.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES as moot Mr. Ibarra's motions to compel (Dkt. ## 941, 942) and DENIES Mr. Ibarra's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. # 940).

Dated this 8th day of May, 2023.

JAMES L. ROBART
United States District Judge

---

[3] Having determined that Mr. Ibarra has not made the requisite showing of extraordinary and compelling reasons warranting a reduction in sentence, the court need not analyze whether a reduction in Mr. Ibarra's sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a).