UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR CONTRERAS IBARRA,<br><br>Defendant. | CASE NO. CR16-0287JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court are *pro se* Defendant Hector Contreras Ibarra's motions (1) for a reduction in sentence pursuant to 18 U.S.C. § 3852(c)(2) and for appointment of counsel (Sent'g Mot. (Dkt. # 968)); (2) to compel Plaintiff the United States of America (the "Government") to produce Mr. Ibarra's post-sentencing rehabilitation documents (1st Mot. to Compel (Dkt. # 969)); and (3) to compel the Government to produce Mr. Ibarra's medical records (2d Mot. to Compel (Dkt. # 970)). The Government opposes Mr. Ibarra's motions. (Resp. (Dkt. # 976).) The court has considered Mr. Ibarra's motions,

ORDER - 1

the parties' submissions in support of and in opposition to the motions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Ibarra's motions.

## II.  BACKGROUND

Mr. Ibarra is a 40-year-old inmate who is currently detained at Federal Correctional Institution ("FCI") Lompoc II. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 15, 2024). Mr. Ibarra, along with 13 co-defendants, was arrested in November 2018 on charges of conspiracy to distribute controlled substances, including methamphetamine, heroin, and cocaine, and later charged with three additional counts of distribution of controlled substances. (*See* 2d Superseding Indictment (Dkt. # 374).) A jury convicted Mr. Ibarra of all charges. (10/16/17 Min. Entry (Dkt. # 665); Jury Verdict (Dkt. # 679).)

Mr. Ibarra proceeded to sentencing on January 16, 2018. (*See* 1/16/18 Min. Entry (Dkt. # 772).) According to the presentence investigation report ("PSR"), Mr. Ibarra scored one criminal history point for a prior negligent driving conviction in 2006, placing him in Criminal History Category I. (PSR (Dkt. # 752) ¶ 58.) Mr. Ibarra received upward adjustments for making credible threats of violence and possessing firearms in connection with the offense, resulting in a Total Offense Level of 42. (*Id.* ¶¶ 46-47.) Collectively, these factors produced a sentencing range of 360 months to life imprisonment under the United States Sentencing Guidelines (the "Guidelines"). (*Id.* ¶ 80.) The undersigned adopted the PSR without change (Statement of Reasons ("SOR") (Dkt. # 977) at 1), and imposed a sentence of 180 months in prison followed by five years

of supervised release—a significant downward departure from the Guidelines range. (1/16/18 Min. Entry; *see also* Judgment (Dkt. # 773).)  Mr. Ibarra appealed his conviction and the Ninth Circuit Court of Appeals affirmed.  (*See* Mem. (Dkt. # 868).)  Mr. Ibarra is currently serving his 180-month sentence and his projected release date is August 14, 2028.  *See Inmate Locator*, *supra*.

Mr. Ibarra has previously filed two motions for compassionate release, as well as two related motions seeking to compel the Bureau of Prisons to produce his medical records and post-sentencing rehabilitation documents.  (10/20/20 Comp. Rel. Mot. (Dkt. # 882); 3/31/23 Comp. Rel. Mot. (Dkt. # 940); 3/31/23 1st Mot. to Compel (Dkt. # 941); 3/31/23 2d Mot. to Compel (Dkt. # 942).)  The court denied each motion.  (11/19/20 Order (Dkt. # 890); 5/8/23 Order (Dkt. # 957).)  On March 14, 2024, Mr. Ibarra filed the instant motion for a reduction in his sentence, arguing he is entitled to relief under Amendment 821 to the Guidelines and requesting appointment of counsel in support of the motion.  (*See generally* Sent'g Mot.)  The same day, Mr. Ibarra filed two other motions seeking to compel the Government to produce his medical records and post-sentencing rehabilitation documents.  (*See generally* 1st Mot. to Compel; 2d Mot. to Compel.)  The Federal Public Defender's Office has not sought appointment in this matter (*see generally* Dkt.), and the Government opposes Mr. Ibarra's motions (*see generally* Resp.).  The motions are now ripe for decision.

### III.  ANALYSIS

The court begins with the principle that a "judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a

district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). 18 U.S.C. § 3582(c)(2) creates an exception to the general rule of finality, providing that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). The court lacks jurisdiction to grant a sentence reduction absent these two requirements. *See United States v. Wessen*, 583 F.3d 728, 730-31 (9th Cir. 2009).

Relevant here, Amendment 821 to the Guidelines took effect November 1, 2023, and applies retroactively. *See Amendment 821*, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited May 16, 2024). The Amendment provides for a two-level reduction in the offense level for certain defendants with zero criminal history points (the "zero-point offender" reduction). *Id.*; *see* United States Sentencing Guidelines ("U.S.S.G.") § 4C1.1(a). Section 4C1.1(a) of the

//

Guidelines sets out ten criteria that a zero-point offender must meet in order to qualify for relief. *See* U.S.S.G. § 4C1.1(a)(1)-(10).

Turning now to the instant motion, the court concludes Mr. Ibarra is not entitled to a reduction in sentence because he fails to meet several eligibility criteria for the zero-point offender reduction. First, Mr. Ibarra is not a zero-point offender because he received one criminal history point for a prior traffic offense. *Id.* § 4C1.1(a)(1) (requiring that "the defendant did not receive any criminal history points"). (*See* PSR at 12; SOR at 1.) Second, Mr. Ibarra fails to meet the requirement that he "did not use violence or credible threats of violence in connection with the offense" because he was assessed a two-level upward adjustment for making a credible threat to torture a co-conspirator over a drug debt. U.S.S.G. § 4C1.1(a)(3); (*see* PSR ¶¶ 36, 47; SOR at 1). Third, Mr. Ibarra fails to meet the requirement that he "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1(a)(7). In fact, Mr. Ibarra was assessed a two-level upward adjustment for possession of multiple firearms in connection with the offense. (PSR ¶¶ 38, 46; SOR at 1.) Accordingly, Mr. Ibarra is ineligible for the zero-point offender reduction.

Having determined that Mr. Ibarra's Section 3582(c)(2) motion lacks merit, the court declines to appoint counsel on his behalf and concludes Mr. Ibarra's motions to compel are moot.

//

//

ORDER - 5

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Ibarra's motion for a reduction in sentence and for appointment of counsel (Dkt. # 968), and further DENIES Mr. Ibarra's motions to compel as moot (Dkt. ## 969-70).

Dated this 17th day of May, 2024.

JAMES L. ROBART
United States District Judge